UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division



UNITED STATES OF AMERICA,

v.  CRIMINAL NO. 2:11cr34

AHMED MUSE SALAD,

ABUKAR OSMAN BEYLE, AND

SHANI NURANI SHEIKH ABRAR,

Defendants.

ORDER

This matter comes before the court upon the Joint Motion to Compel Discovery ("Motion"), ECF No. 503, filed on September 17, 2012. The United States opposed the Motion in its Consolidated Response ("Response"), filed on October 17, 2012. The Defendants filed a Reply ("Reply") on November 1, 2012, ECF No. 521, and the matter is now ripe for review.

I. MOTION AND ARGUMENT

The Defendants argue that they are entitled to discover two sets of documents: (1) the rules of engagement ("ROE") in effect on the date of the incident; and (2) certain standing operating procedures ("SOPs") between agencies of the federal government on the subject of hostage negotiations, which were in effect from February 19, 2011, to February 22, 2011. The Defendants do not claim that the information will support a defense to any

charge. Instead, they maintain that the "extremely aggressive" actions by the Navy on February 22, 2011, may have contributed to the escalation of violence on board the Quest. Mot. at 4.

The parties agree that a standoff continued for several days. After the Navy maneuvered the destroyer Sterrett in an attempt to block the Quest's access to the Somali coast, violence broke out on the Quest. This violence included the discharge of a rocket-propelled grenade and small arms fire from the deck of the Quest, and led, ultimately, to the deaths of the four Americans on board. See Mot. at 3; Resp. at 131-32.

The Defendants argue, in effect, that the ROE and SOPs provide a standard of care by which hostage negotiations should be judged. The Defendants have consulted an expert in hostage negotiation, who may present mitigation evidence at the selection phase of trial, assuming the Defendants are found guilty and eligible for capital punishment. The Defendants submit that their ability to evaluate and present such evidence would be impermissibly curtailed without access to the subject documents. See Mot. at 4-5.

The United States opposes the Motion. It argues first that, "[a]s a general matter, Rule 16[(a)(2) of the Federal Rules of Criminal Procedure] does not authorize disclosure of internal government documents," and that these documents are therefore exempt from discovery. Resp. at 132-33. In connection with this

first argument, the government emphasizes the potential sensitivity of these documents. See Resp. at 129, 136. Second, the government submits that the documents are not discoverable in any event, because they are not "material" within the meaning of Rule 16.[1]

## II. LEGAL STANDARD

Rule 16(a) of the Federal Rules of Criminal Procedure requires the government to permit inspection of certain records, if those records are in the government's custody and "the item is material to preparing the defense." Fed. R. Crim. P. 16(a)(1)(E)(i). "For the defendant to show materiality under this rule, '[t]here must be some indication that the pretrial disclosure of the disputed evidence would have enabled the defendant significantly to alter the quantum of proof in his favor.'" United States v. Caro, 597 F.3d 608, 621 (4th Cir. 2010) (quoting United States v. Ross, 511 F.2d 757, 763 (5th

---

[1] The court disagrees with the government's first argument. The claim that "internal government documents" are exempt from discovery sweeps too broadly. In addition, the mere fact that a document is sensitive does not automatically exempt it from the government's discovery obligations. Only if classified, or privileged, is a document qualified for such exemption, subject to review by a court. See generally United States v. Yunis, 867 F.2d 617, 621 (D.C. Cir. 1989) (analyzing discovery standards pursuant to Section 4 of the Classified Information Procedures Act (CIPA)).

3

Cir. 1975)), cert. denied, 132 S. Ct. 996 (2012).[2] The defendant must make some showing as to how the discovery "would have actually helped prove his defense." Id. at 621. Finally, material information must carry "'a *strong* indication that it will play an *important* role in uncovering admissible evidence, aiding witness preparation, corroborating testimony, or assisting impeachment or rebuttal.'" Id. (emphasis added) (quoting United States v. Lloyd, 992 F.2d 348, 351 (D.C. Cir. 1993)).[3]

### III. ANALYSIS

Death-eligible cases are, of course, exceptionally serious matters, and the court does not take lightly the Defendants' right to present a robust defense. However, at a threshold level, the Defendants concede that even if they were able to establish a violation of the ROE or SOPs, such a violation would provide no defense to culpability. Mot. at 4. More importantly,

---

[2] Curiously, neither side conducts an analysis under Caro, despite its recent application in both a previous piracy case, United States v. Hasan, 747 F. Supp. 2d 642, 682 (E.D. Va. 2010), and earlier in this case, with respect to the inspection of the Quest. See Op. & Order at 8, Apr. 13, 2011, ECF No. 131.

[3] Lloyd went on to hold that materiality "normally 'is not a heavy burden.'" Lloyd, 992 F.2d at 351 (quoting United States v. George, 786 F. Supp. 56, 58 (D.D.C. 1992)). It is a burden nonetheless, and even cases applying the arguably more forgiving interpretation of "materiality" have emphasized the requirement that information must be "significantly" useful to the defendant's preparation. See, e.g., United States v. Libby, 429 F. Supp. 2d 1, 14 (D.D.C. 2006).

4

the Defendants have failed to show the materiality of this evidence to preparing a defense, as the Fourth Circuit has defined that concept in Caro.

The Defendants seek the evidence to present mitigation arguments, but they offer no support for the assertion that the wide latitude to present mitigation arguments requires unfettered discovery in support of those arguments. See Mot. at 4; Reply at 3-5.[4] The circumstances of this Motion are remarkably similar to those in Caro. Like the capital defendant in Caro, these Defendants intend to offer expert testimony at the selection phase. In Caro, the expert sought statistical data from the Bureau of Prisons to inform his analysis of the defendant's future dangerousness. Caro, 597 F.3d at 616-18. The district court and the Fourth Circuit conceded that the information was relevant, in that it could improve the quality of the expert's analysis. Id. at 621. Nevertheless, there was no evidence that the improved analysis "would have actually helped prove [Caro's] defense." Id.

---

[4] The Defendants accurately point out that breaches of protocol by Bureau of Prisons employees have been useful to juries in the mitigation context. See Mot. at 5. The court does not dispute that such breaches may be relevant to mitigation, but that inquiry is different from the discovery request under consideration. The materiality analysis does not change because the Defendants propose to offer their evidence at the selection phase. See infra at 6-7.

5

Such evidence is similarly lacking in this case. Just as the Caro data might have improved the statistical validity of the expert's data, discovery of the ROE and SOP may do so here. However, the Defendants are not entitled to all information merely because it might improve their ability to test the strength of a defense. The Defendants' own Motion makes clear that even they are uncertain whether the information would tend to support their case. See Mot. at 3. The Defendants seek discovery in order to prepare an expert's investigation, with "no indication that the information requested by [the Defendants] would support [the expert's] testimony," nor any evidence that the data would "actually favor" the Defendants, or help prove a defense. Caro at 621. Accordingly, the court declines to order production of the requested documents.

If the trial proceeds to the selection phase, the Defendants are not prevented from presenting arguments, through expert testimony,[5] about "recognized norms and standards" in hostage negotiation. See Mot. at 3. At the selection phase, the jury may consider any mitigating factor that counsels against imposition of the death penalty. See 18 U.S.C. § 3592(a). The Defendants cite numerous cases to that effect in their Motion.

---

[5] Assuming the expert qualifies based on "knowledge, skill, experience, training, or education," Fed. R. Evid. 702, said expert can offer evidence about "norms and standards" without the need for, or use of, these documents.

See Mot. at 4. Nevertheless, they cite no authority for the proposition that the breadth of permissible mitigation considerations requires equally broad discovery. The Defendants are not entitled to examine every piece of evidence that might conceivably assist their preparation. The law of discovery simply does not extend so far.[6]

## IV. CONCLUSION

For the reasons stated herein, the Motion is **DENIED**. The Clerk shall forward a copy of this Order to counsel for each Defendant, and to the United States Attorney at Norfolk.

IT IS SO ORDERED.

/s/
Rebecca Beach Smith
Chief
United States District Judge

REBECCA BEACH SMITH
CHIEF UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
November 23, 2012

---

[6] See supra note 4.